NOT DESIGNATED FOR PUBLICATION

No. 126,859

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GEORGE WILLIAM HARDIN II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Not submitted for oral argument. Opinion filed December 6, 2024. Reversed and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

No appearance by appellee.

Before ATCHESON, P.J., CLINE and PICKERING, JJ.

PER CURIAM: Defendant George William Hardin II has appealed the Cloud County District Court's order revoking his probation and ordering him to serve his original 30-month sentence on a conviction for possession of methamphetamine. Hardin had not been previously sanctioned for a probation violation, and the district court did not cite or otherwise rely on a statutory exception permitting revocation in the absence of an earlier sanction. We, therefore, reverse and remand with directions that the district court either continue Hardin's probation, with or without an intermediate sanction, or make legally sufficient findings supporting a probation revocation.

1

Hardin pleaded no contest to the methamphetamine charge in early July 2020 and was sentenced about two months later. The underlying incident happened in October 2019, so sentencing statutes in effect then apply, including the current version of K.S.A. 22-3716 that governs probation violations. Based on Hardin's criminal history, the conviction was a border box offense on the drug sentencing grid. Consistent with that classification, the district court found Hardin would benefit from drug treatment in a community setting and placed him on probation for 18 months with an underlying prison sentence of 30 months followed by postrelease supervision for 12 months. We infer Hardin's probation was transferred to Reno County for community corrections placement and supervision there.

Hardin's probation was to expire in early March 2022. In February 2022, the district court issued an arrest warrant for Hardin for probation violations. The supporting affidavit from a Reno County community corrections officer alleged Hardin violated his probation between December 2020 and May 2021 by failing to report four times, admitting using methamphetamine twice and testing positive on one of those occasions, failing to get permission for in-state travel once, and being unsuccessfully discharged from outpatient drug treatment for harassing behavior directed at other program participants.

Hardin was taken into custody on the warrant in October 2022 and was found to be in possession of methamphetamine at or around that time. He was charged with possession of methamphetamine in Reno County District Court.

The district court held a probation revocation hearing in this case in May 2023. Hardin, through his lawyer, stipulated to the technical violations in the warrant. It is apparent from the record that Hardin had been convicted by then on the Reno County

charge. The record also reflects that Hardin had two convictions in Crawford County predating this case and had not completed the sentences he received. Although not especially pertinent, Hardin apparently had been on probation in Crawford County, was revoked, and received reduced prison sentences; he had been placed on some form of supervised release in Reno County.

Directly relevant here, the record shows Hardin had received no intermediate sanctions for probation violations in this case. In considering an appropriate disposition given Hardin's stipulation to the alleged violations, the district court generally reviewed his criminal history and the violations in this case and then ordered that he serve his original sentence of 30 months. Hardin has appealed. The State has not filed an appellate brief.

ANALYSIS

On appeal, Hardin contends the district court failed to state sufficient legal grounds to support revoking his probation, especially since he had not been previously sanctioned for any violations in this case.

A district court's decision to revoke probation entails two steps: (1) a factual determination, established by a preponderance of the evidence, that the probationer has violated one or more conditions of probation; and (2) a discretionary determination as to the appropriate disposition in light of any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008) (components of probation revocation); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (preponderance standard governs proof of probation violation). Hardin's admission of the violations alleged in support of the warrant satisfied the first step and obviated the State's need to prove a probation violation. See 281 Kan. at 1170; *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). We review a district court's decision on how to address an established

3

violation for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018). Hardin carries the burden of showing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Here, the admitted violations were "technical" in that they were not considered to be crimes. See *State v. Brown*, 51 Kan. App. 2d 876, 880, 357 P.3d 296 (2015). A probationer's positive drug test or admission to using illegal drugs is commonly treated that way. The Reno County conviction did not amount to a probation violation because it occurred after the probationary period expired, but it could be considered in making an appropriate disposition. See *Skolaut*, 286 Kan. 219, Syl. ¶ 9.

District courts do not have wholly unfettered authority in dealing with admitted probation violators. Under K.S.A. 22-3716(c), a district court typically should impose an intermediate sanction of two or three days in jail for an initial set of probation violations, especially if they are technical ones. The district court may bypass those sanctions for specific statutory reasons: (1) the defendant received a departure sentence to probation; (2) the defendant violated his probation by committing a felony or misdemeanor during the probationary period; (3) the defendant absconded; or (4) upon a particularized finding that the public safety or the defendant's welfare would not be served by the sanction. K.S.A. 22-3716(c)(7)(A)-(D). The district court neither identified any of those grounds nor made the requisite findings to invoke them. Rather, the district court generally referred to Hardin's ongoing criminal issues and his failure to comply with some of the terms of his probation. As a result, the decision to revoke Hardin's probation and to order that he serve the underlying sentence fell outside the governing legal framework and amounted to an abuse of discretion. Had Hardin already received a two- or three-day jail

sanction for a probation violation in this case, the district court could have revoked his probation for any later violation.

Because the district court overstepped its legal authority, we reverse the probation revocation and remand to the district court for further proceedings. On remand, the district court, in reliance on the existing record, should either continue Hardin on probation with or without an intermediate sanction for the violations he admitted or make sufficient findings supporting a statutory exception permitting revocation without a previous sanction.

On appeal, Hardin also questions the amount of jail time credit he received against his prison sentence. Because we have reversed the probation revocation and are remanding for further proceedings, the issue is likely moot. Jail time credit would be irrelevant if the district court were to continue Hardin's probation. Moreover, the determination would need to be made in light of *State v. Hopkins*, 317 Kan. 652, 537 P.3d 845 (2023), and *State v. Feikert*, 64 Kan. App. 2d 503, 553 P.3d 344 (2024), neither of which had been decided when the district court revoked Hardin's probation.

Reversed and remanded with directions.